## DOPP and another VS. ALBEE and others.

Chapter 137, General Laws of 1858 (R. S., p. 798), which provides "that the owner of a homestead may remove therefrom or sell and convey the same, and such removal or sale and conveyance shall not render such homestead subject to forced sale on execution or other final process hereafter issued on any judgment," does not apply to executions issued upon judgments which had become liens *prior* to the passage of the law. *Seamans v. Carter et al.*, 15 Wis., 548, followed.

APPEAL from the Circuit Court for *Winnebago* County.

This appeal was taken by the plaintiffs from an order of the circuit court sustaining a demurrer to the complaint, as not stating a cause of action. The facts stated in the complaint will sufficiently appear from the opinion of the court.

*Whittemore & Weisbrod*, for appellants.

*A. K. Brush*, for respondents.

*By the Court*, DIXON, C. J. This case is like *Seamans vs. Carter & Putnam*, decided in October, 1862. The material

facts are the same. The defendants *Albee and others*, in April, 1855, recovered a judgment against one Hall, the then owner of a homestead in the county of Winnebago. The judgment was docketed so as to become a lien within the doctrine of *Hoyt v. Howe*, 3 Wis., 765. Hall continued to occupy until October, 1861, when he conveyed to the plaintiff *Elizabeth Dopp*, who, with her husband, the other plaintiff, has since held possession. After the conveyance, the defendants took out execution on their judgment, sold, and themselves became the purchasers of the premises. This suit is brought to restrain further proceedings upon the certificates of sale, and to have them set aside as a cloud upon the title of the plaintiffs, and the judgment decreed not to be a lien. The plaintiffs rely on the act of May 17th, 1858. R. S., p. 798. This statute was held prospective and not retrospective in its operation, in the case referred to, and this appeal must abide the result of that decision.

The order of the circuit court is accordingly affirmed.